FLOYD WESLEY HOUSER, Plaintiff in Error, v.
STATE OF TENNESSEE, Defendant in Error.
—472 S.W.2d 747

September 23, 1971.

Certiorari Denied by Supreme Court November 15, 1971.

Hubert D. Patty, Maryville, for plaintiff in error.

David M. Pack, Attorney General, Bart Durham, Assistant Attorney General, Nashville, H. Kenneth Deatherage, District Attorney General, Kingston, for defendant in error.

WALKER, P.J. Sentenced to one to three years in the penitentiary for an attempt to procure a criminal miscarriage, the defendant, Floyd Wesley Houser, appeals in error, first assigning that the court erred in denying a motion for a continuance for the purpose of obtaining a material witness.

██ The record does not show any application for a continuance. When the state announced ready for trial, the defendant's counsel said that he had material witnesses that were not present, but at no point did he move for a continuance. At the close of his proof, he announced that a witness was not yet there. The trial judge offered to recess and give the defendant an opportunity to call the witness or attempt to locate her. She lived in an adjoining county. Although the trial judge offered the defendant plenty of time to present his case, the defendant rested without waiting for the absent witness.

Without a motion for a continuance, the trial judge cannot be placed in error.

By the second assignment of error, the defendant challenges the search and seizure from his automobile of a box containing some medical instruments that could be used for performing a criminal abortion. The defendant, age 23, is a professional musician and had worked in a hospital.

██ ██ The proof, accepted by the trial judge, showed that on his arrest the officers asked his permission to search his automobile and told him that they would not search it without a warrant or his permission and that he gave his permission. Although he denies granting permission, we think the trial judge properly found that he had given it. His waiver was voluntary and free from coercion or duress and not given merely to avoid resistance. When a person under arrest voluntarily consents to a search, he cannot be held to complain. Thurman v. State, Tenn.Cr.App., 455 S.W.2d 177.

All assignments are overruled, and the judgment is affirmed.

Russell and Dwyer, JJ., concur.